UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANQING LI,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILLIP MUMMAH,<br><br>        Defendant. | Case No. 22-cv-07626-NC<br><br>**ORDER TO SHOW CAUSE REGARDING REMOVAL**<br><br>Re: ECF 1 |

Cross-Defendant Scott A. Flaxman removed this case to federal Court on December 3, 2022. This removal is substantively improper because a cross-defendant may not remove to federal court, nor may a party select only part of an action to remove. The removal is also untimely and does not include copies of all "process, pleadings, and orders" served upon him in the action as required by 28 U.S.C. § 1446(a). Accordingly, Mr. Flaxman is ORDERED to show cause why this case should not be remanded to state court.

### A.    REMOVAL BY A CROSS-DEFENDANT

In *Home Depot, U.S.A. v. Jackson*, 139 S. Ct. 1743, 1745 (2019), the United States Supreme Court concluded that the general removal statute in 28 U.S.C. § 1441 does not allow a third-party defendant to remove to federal court. Mr. Flaxman is a cross-defendant who may not remove under *Jackson*.

Even assuming he could remove as a cross-defendant, 28 U.S.C. § 1446 permits the removal of an entire "action," not just a selected cross-claim.

### B.   28 U.S.C. § 1446 REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), Mr. Flaxman must file along with his Notice of Removal "process, pleadings, and orders" served upon him in the action.  He has not done so here.

Pursuant to 28 U.S.C. § 1446(b)(1) "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

According to the notice of removal, "Plaintiff in the above referenced case filed her lawsuit on December 22, 2020. Scott A. Flaxman, the ostensible cross-defendant, is the Plaintiff's attorney. On Friday, October 28, 2022, (Two Thousand Twenty Two) nearly two years after Plaintiff filed her Complaint and almost two months after (allegedly) electronically lodging the cross complaint based on the Fair Debt Collections Practices Act with the clerk of the court, and while the case was still formally referred to Mediation, Defendant's Cross Complaint was hand delivered by some unknown and yet unidentified party to a general reception desk at Scott Flaxman's office…" ECF 1 at 3.

The Court understands this to mean that the clock in 28 U.S.C. § 1446(b)(1) began to run, at the latest, on October 28, 2022.  Accordingly, the removal more than 30 days later on December 3, 2022 is untimely.

### C.   CONCLUSION

For the reasons stated above, Mr. Flaxman is ORDERED to show cause why this case should not be remanded to state court by December 23, 2022.  If he does not, the Court may remand at that time.

An order remanding the case may require payment of just costs and any actual

2

expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(a).

**IT IS SO ORDERED.**

Dated: December 9, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge