UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANQING LI,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP MUMMAH,<br><br>　　　Defendant and<br>　　　Cross-Complainant,<br><br>　　v.<br><br>SCOTT A. FLAXMAN,<br><br>　　　Cross-Claim Defendant. | Case No. 22-cv-07626 NC<br><br>**ORDER REMANDING CASE BACK TO SANTA CLARA COUNTY SUPERIOR COURT DUE TO IMPROPER REMOVAL**<br><br>Re: ECF 1 |

Scott A. Flaxman sought to remove the cross-claim filed against him in Santa Clara County Superior Court to this Court. ECF 1, Notice of Removal of Cross-Claim. On December 9, 2022, I issued an Order to Show Cause Regarding Removal, asking Flaxman to explain why the case should not be remanded back to the Superior Court under 28 U.S.C. § 1441 and *Home Depot, U.S.A. v. Jackson*, 139 S. Ct. 1743, 1745 (2019). ECF 10. Flaxman responded the next day. ECF 11, supplemented by exhibits ECF 12, 13. I held hearings on the removal on January 11 and January 18, 2023. At the January 18 hearing, defendant and cross-complainant Mummah stated his opposition to removal and did not

waive any defects in removal procedures.[1]  I find that Flaxman still has not met his burden to establish that removal was proper under 28 U.S.C. § 1441 and I therefore remand the case back to the Superior Court.

As a starting point, the general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.  *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1107 (citation omitted).

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to the appropriate federal district court.  28 U.S.C. § 1441(a).  In the context of § 1441(a), "the term 'defendant' **refers only to the party sued by the original plaintiff.**" *Home Depot U.S.A. Inc. v. Jackson*, ⸺ U.S. ⸺, 139 S. Ct. 1743, 1746 (2019) (emphasis added).  In *Home Depot v. Jackson*, the Supreme Court assessed whether a third-party counterclaim defendant could remove a claim filed against it under 28 U.S.C. § 1441(a).  The majority opinion held that the phrase "the defendant or the defendants" in § 1441(a) "does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." 139 S. Ct. at 1748.  The majority opinion found that the dissenting statutory interpretation (also advanced here by Flaxman) was "plausible" but not the "best one." 139 S. Ct. at 1748.

The Supreme Court's § 1441(a) analysis in *Home Depot* is not limited to class

---

[1] All parties have consented to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).  ECF 4, 17, 23.

actions under the Class Action Fairness Act.  Indeed, the Ninth Circuit Court of Appeal applied *Home Depot* to remand a non-CAFA mortgage foreclosure case, *Sharma v. HSI Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1170-71 (9th Cir. Jan. 25, 2022).  And other judges of this District have applied *Home Depot* outside CAFA.  "The Supreme Court [in *Home Depot v. Jacks*on] held that, although a third-party defendant may be brought into the action for the first time by a counterclaim, such defendants cannot remove the action under § 1441(a)." *Malloy v. Regents of the Univ. of California*, No. 19-cv-07995 SBA, 2021 WL 4269365, at *5 (N.D. Cal. Aug. 18, 2021).

This Order finds unpersuasive Flaxman's argument that the *Home Depot* case is "inapposite."  ECF 11 at p. 7.  The "exception" Flaxman cites in 28 U.S.C. § 1441(c) does not change the plain meaning of § 1441(a), as interpreted by the Supreme Court in *Home Depot* and the Ninth Circuit in *Sharma.*

At bottom, applying the plain meaning of 28 U.S.C. § 1441(a) as determined by the U.S. Supreme Court, I find that Flaxman's removal was improper because he is not a "defendant" under that statute.  He was not a "defendant" in the complaint filed by the original plaintiff in state court.  If Congress wanted to write a statute permitting cross-claim defendants to remove cross-claims to federal court it could do so.  It has not.  And Mummah has not waived objection to the improper removal.  I thus remand this case back to Santa Clara County Superior Court.[2]

A remand order may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(a).  I do not award any fees or costs because Mummah's fees and costs were minimal and Flaxman responded promptly to the OSC.

Finally, Flaxman's separately filed Motion for Judgment on the Pleadings, ECF 5, is terminated in this Court without prejudice.  The Clerk of Court will administratively

---

[2] There were two other issues raised in the December 9 Order to Show Cause, ECF 10: (1) timeliness of removal; and (2) filing of process, pleadings, and orders served upon Flaxman.  This Order finds that Flaxman's response, ECF 11, satisfied those concerns.

3

1  close the federal case after remanding the case back to Superior Court.

3  **IT IS SO ORDERED.**

5  Dated: January 20, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge